1  BLAIR M. JACOBS (admitted *pro hac vice*)
   bjacobs@mckoolsmith.com
2  CHRISTINA A. ONDRICK (admitted *pro hac vice*)
   condrick@mckoolsmith.com
3  JOHN S. HOLLEY (admitted *pro hac vice*)
   jholley@mckoolsmith.com
4  McKool Smith, P.C.
   1999 K Street NW, Suite 600
5  Washington, DC 20006
   T: 202.370.8300
6  F: 202.370.8344

7  ALAN P. BLOCK (SBN 143783)
   ablock@mckoolsmithhennigan.com
8  300 South Grand Avenue, Suite 2900
   Los Angeles, California 90071
9  T: 213.694.1200
   F: 213.694.1234
10

11 Attorneys for Plaintiff
   AUTONOMOUS DEVICES, LLC
12
                    UNITED STATES DISTRICT COURT
13                 NORTHERN DISTRICT OF CALIFORNIA

14

15 AUTONOMOUS DEVICES, LLC,            | Case No.  **5:23-mc-80343**

16            Plaintiff,               | **NOTICE OF MOTION AND MOTION FOR AN
                                       | ORDER TO SHOW CAUSE WHY
17     vs.                             | DEFENDANT, ANDREJ KARPATHY, AND
                                       | THEIR COUNSEL SHOULD NOT BE HELD IN
18 TESLA, INC.,                        | CONTEMPT AND TO COMPEL
                                       | COMPLIANCE; AND REQUEST FOR
19            Defendant.               | SANCTIONS**

20                                     | **(UNDERLING ACTION PENDING IN THE
                                       | DISTRICT OF DELAWARE, CASE NO. 22-
21                                     | 1466-MN)**

22

23                       **NOTICE OF MOTION**

24 TO THE CLERK OF THE COURT, ALL PARTIES, ANDREJ KARPATHY, AND THEIR

25 ATTORNEYS OF RECORD:

26

27

28
                                              AUTONOMOUS DEVICES' NOTICE AND
                                                     MOTION RE CONTEMPT

1   PLEASE TAKE NOTICE THAT, at a date and time to be determined,[1] Plaintiff

2   Autonomous Devices, LLC ("Autonomous Devices") will and hereby does move the Court,

3   pursuant to Federal Rules of Civil Procedure 37 and 45, for an order to show cause why

4   Defendant Tesla, Inc. ("Tesla"), Andrej Karpathy, and their counsel should not be held in

5   contempt, compelling Dr. Karpathy to appear for deposition on a date between January 3 and

6   January 16, 2024, as well as for sanctions including all attorneys' fees and costs reasonably

7   incurred in preparing and presenting this Motion, attempting to take Dr. Karpathy's deposition

8   previously, and, should the Court grant this Motion, taking Dr. Karpathy's deposition.

9   This Motion is based upon this Notice and Motion, the accompanying Memorandum of

10  Points and Authorities, Declaration, Exhibits, oral argument of counsel at hearings, all pleadings

11  and papers on file in this action, and any other matters the Court may properly consider by

12  judicial notice or otherwise.

13  **MEMORANDUM OF POINTS AND AUTHORITIES**

14  **I.      INTRODUCTION**

15  This miscellaneous action arises out of a lawful deposition subpoena issued to Andrej

16  Karpathy, a former Tesla employee, who refused to honor his legal obligations and comply with

17  that subpoena, apparently at the urging of his former employer. Without filing a motion to quash

18  or obtaining a protective order, and after his counsel and former employer Tesla had agreed to a

19  specific date and time *suggested by his counsel* for the properly subpoenaed deposition, Dr.

20  Karpathy failed to appear for the deposition. The conduct of Dr. Karpathy, Tesla, and their

21  counsel is part of a continuing pattern of obfuscation and intentional delay that directly violates

22  the rules governing discovery. As a result, Autonomous Devices respectfully moves the Court to

23  issue an order to show cause why Tesla, Andrej Karpathy, and their counsel should not be held in

24  contempt, compel Dr. Karpathy to appear for deposition on a date between January 3 and January

25  16, 2024, and sanction Dr. Karpathy, Tesla, and their counsel for all attorneys' fees and costs

26

27  _____

28  [1] Plaintiff will re-notice this Motion once a judicial assignment becomes available.

AUTONOMOUS DEVICES' NOTICE AND
MOTION RE CONTEMPT

reasonably incurred in preparing and presenting this Motion, attempting to take Dr. Karpathy's deposition previously, and taking Dr. Karpathy's deposition at a later date.

**II.   FACTUAL BACKGROUND**

    **A.   Autonomous Devices Serves Dr. Karpathy's Deposition Subpoena**

On October 5, 2023, Autonomous Devices noticed Tesla's counsel that it was serving document and deposition subpoenas on Dr. Karpathy, a former Tesla employee. *See* Ex. 1.[2] Autonomous Devices was seeking documents and testimony from Dr. Karpathy as part of routine discovery in its lawsuit currently pending in the District of Delaware and captioned Autonomous Devices, LLC v. Tesla, Inc., Case No. 22-1466-MN (the "Underlying Action"). *Id.* In the Underlying Action, Autonomous Devices sued Tesla for patent infringement related to certain autonomous driving technology that Dr. Karpathy was responsible for during his time at Tesla. On October 6, 2023, Tesla provided a discovery response in the Underlying Action indicating that Dr. Karpathy was the ***most knowledgeable person*** about the relevant Tesla products involved in the Underlying Action. *See* Ex. 2. Dr. Karpathy was served with the subpoenas for documents and testimony on October 16, 2023, more than two months ago. *See* Ex. 3. The deposition subpoena initially noticed Dr. Karpathy's deposition for November 2, 2023. *See* Ex. 1.

    **B.   Tesla's and Dr. Karpathy's Delay Tactics**

After serving the subpoena, Autonomous Devices spent weeks working with Dr. Karpathy's then-counsel and Tesla to schedule the deposition. On October 23, 2023, Dr. Karpathy's initial counsel from the law firm Crowell & Moring LLP, Mr. Warrington Parker, reached out to Autonomous Devices' counsel and requested confirmation whether the deposition was still set to occur on November 2. *See* Ex. 4 at 3-4 (E-mail from W. Parker dated October 23, 2023). Autonomous Devices' counsel responded that same day, indicating that it was willing to work with Dr. Karpathy on dates and requested a date for the deposition in the first 2 to 3 weeks of November. *Id.* (E-mail from B. Jacobs dated October 23, 2023). On November 3, Mr. Parker

---

[2] All references to Exhibits ("Ex.") are to exhibits to the Declaration of Blair M. Jacobs, filed concurrently with this Motion.

AUTONOMOUS DEVICES' NOTICE AND
MOTION RE CONTEMPT

responded indicating that Dr. Karpathy was available for a deposition on November 27 to December 1, December 4 to 8, and December 18 to 20. *See* Ex. 5 at 2-3 (E-mail from W. Parker dated November 3, 2023). Counsel for Autonomous Devices responded the same day to indicate it was targeting the week of December 4 and would work with Tesla to obtain Dr. Karpathy's e-mails and documents from his employment at Tesla prior to the deposition. *Id.* (E-mail from B. Jacobs dated November 3, 2023).

While Autonomous Devices worked diligently to schedule Dr. Karpathy's deposition, Tesla stonewalled discovery and consistently refused to produce Dr. Karpathy's documents and e-mails from his time as an employee at Tesla, all based on an illicit scheme to subsequently file a motion to stay the Underlying Action and to argue that no deposition should occur. On November 3, 2023, Autonomous Devices e-mailed Tesla's counsel at the law firm of Fish and Richardson requesting confirmation whether Tesla had Dr. Karpathy's Electronically Stored Information ("ESI"). *See* Ex. 6 at 1 (E-mail from J. Holley dated November 3, 2023). Three days later, Autonomous Devices again requested confirmation whether Tesla had Dr. Karpathy's ESI and also requested that Tesla add Dr. Karpathy as a custodian. *See* Ex. 7 at 2 (E-mail from E. Bernard dated November 6, 2023). Autonomous Devices also requested the complete search terms Tesla used in collecting ESI, which Autonomous Devices had requested in late September so it could provide its additional search terms, but Tesla had failed to provide its complete list for over a month. *Id.* Tesla confirmed on November 6 that it did have Dr. Karpathy's documents and e-mails, but again failed to provide the complete set of search terms it used to identify said documents and emails. *Id.* at 1 (E-mail from M. Colvin dated November 6, 2023). Following a meet and confer, Tesla finally provided its complete set of ESI search terms on November 7. *Id.* (E-mail from M. Colvin dated November 7, 2023).

Tesla's and Dr. Karpathy's delay tactics in scheduling Dr. Karpathy's deposition continued throughout November. Almost a month after Dr. Karpathy's deposition subpoena was served, on November 9, Tesla's Fish and Richardson counsel intervened and indicated that it would like to participate in Dr. Karpathy's deposition. *See* Ex. 5 at 1 (E-mail from M. Colvin

AUTONOMOUS DEVICES' NOTICE AND
MOTION RE CONTEMPT

dated November 9, 2023). Counsel indicated that they were unavailable the week of December 4 and they may be able to accommodate the deposition on December 20, but that it "would be helpful to get a few dates in January." *Id.* Counsel for Autonomous Devices immediately responded and indicated that it would like to discuss this issue because the deposition notice was properly noticed and Autonomous Devices planned to proceed based on the witness's availability and fact discovery cut-off for the case loomed in February of 2023. *Id.* (E-mail from B. Jacobs dated November 9, 2023). Autonomous Devices indicated it would not allow the deposition to be held over until January and requested that counsel from Fish and Richardson, which is a large law firm, make one attorney available for a date in December. *Id.*

On November 13, counsel for Autonomous Devices again e-mailed Dr. Karpathy's counsel Mr. Parker expressing a preference to take Dr. Karpathy's deposition on December 7 or 8. *See* Ex. 8 at 3-4 (E-mail from B. Jacobs dated November 13, 2023). Counsel also offered December 13 to 15, 18 or 19 as possible deposition dates and explained that it was important to complete the deposition in December because of conflicts in January 2024 and fact discovery cut-off in February. *Id.* On November 17, counsel for Autonomous Devices requested Mr. Parker confirm December 14 for Dr. Karpathy's deposition. *See* Ex. 8 at 2-3 (E-mail from B. Jacobs dated November 17, 2023). Mr. Parker responded a few hours later that Dr. Karpathy remained available on December 18 to 20. *Id.* (E-mail from W. Parker dated November 17, 2023). Later that night, Tesla's counsel Fish and Richardson e-mailed Mr. Parker and Autonomous Devices' counsel, declaring now that Fish and Richardson was suddenly representing Dr. Karpathy, and unilaterally demanding that the deposition take place on December 20, the only date that Dr. Karpathy's new counsel was available the entire month of December. *Id.* at 1-2 (E-mail from M. Colvin dated November 17, 2023).

In the meantime, Tesla's foot-dragging on producing Dr. Karpathy's documents and e-mails continued. On November 16, a week after Autonomous Devices sent its search terms to Tesla, counsel for Autonomous Devices emailed Tesla's counsel and requested a response on the status of the document production. *See* Ex. 9 at 5-6 (E-mail from E. Bernard dated November 17).

AUTONOMOUS DEVICES' NOTICE AND
MOTION RE CONTEMPT

Counsel for Autonomous Devices indicated that it had not heard anything regarding the progress on Dr. Karpathy's e-mails and documents. *Id.* Autonomous Devices assumed therefore that Tesla was proceeding with collecting and producing Dr. Karpathy's ESI. *Id.* But, on November 16, Tesla finally responded and claimed the search terms were too broad. *Id.* (E-mail from M. Colvin dated November 16, 2023). As a result, Tesla chose to sit in silence and not run the search terms on Dr. Karpathy's e-mails.

Finally, on November 20, 2023, Tesla confirmed it was collecting Dr. Karpathy's ESI. *Id.* at 5 (E-mail from M. Colvin dated November 20, 2023). This was over two weeks from the date that Autonomous Devices first requested Dr. Karpathy's ESI. *See* Ex. 6 at 1 (E-mail from J. Holley dated November 3, 2023). On November 21, Autonomous Devices requested Tesla immediately collect the ESI and run the search terms so the parties could begin the process of discussing narrow terms, if necessary. *Id.* at 4-5 (E-mail from E. Bernard dated November 21, 2023).

C.     **The Parties Agree on a Deposition Date but Tesla Continues to Stall Document Production**

On November 21, the same day Autonomous Devices requested Tesla immediately collect Dr. Karpathy's ESI, Autonomous Devices again confirmed December 20 for Dr. Karpathy's deposition. *See* Ex. 8 at 1 (E-mail from B. Jacobs dated November 21, 2023). But Tesla continued to stall producing Dr. Karpathy's documents and e-mails. On November 27, Autonomous Devices requested an immediate meet and confer regarding Tesla's foot-dragging on the ESI and running search terms. *See* Ex. 9 at 3-4 (E-mail from E. Bernard dated November 27). The parties conducted a meet and confer on November 29th, and Tesla indicated that Dr. Karpathy's e-mails were collected and almost ready to search, three weeks after Autonomous Devices first requested his ESI but still well in advance of the scheduled deposition.

Over a week later, on December 5, Autonomous Devices requested that Tesla immediately advise on the status of Dr. Karpathy's documents and e-mails. *See* Ex. 10 at 10-11 (E-mail from E. Bernard dated December 5, 2023). Autonomous Devices indicated that it needed

the documents that week, in advance of the December 20 deposition of Dr. Karpathy. *Id.* The next day, without explanation for the delay, Tesla's counsel stated that "I hope to send you the hit counts for Karpathy's email this week." *Id.* at 10 (E-mail from M. Colvin dated December 6, 2023). Tesla provided no reason for this delay or why it had been unable to search e-mails a week after it confirmed they were collected. Autonomous Devices responded the next morning on December 7, again demanding Tesla produce Dr. Karpathy's e-mails that week and pointing out that there was no reason why it has taken over a month with no progress on production. *Id.* at 9-10 (E-mail from E. Bernard dated December 7, 2023). After Tesla requested narrower search terms on December 8, Autonomous Devices responded that same day with revised terms. *Id.* at 6-7 (E-mail from E. Bernard dated December 8). Three days later Autonomous Devices requested an update, and Tesla responded indicating that eight of the revised terms were fine to proceed, but requested revisions on two others. *Id.* at 1-2 (E-mail from A. Bolt dated December 11, 2023). Autonomous Devices responded the next morning to confirm that Tesla could limit the hits to the first 4,000 documents for those two terms. *Id.* at 1 (E-mail from J. Holley dated December 12, 2023).

### D.      Tesla Attempts to Unilaterally Cancel Dr. Karpathy's Deposition

After the parties had agreed that Dr. Karpathy's deposition would take place on December 20, Autonomous Devices sought the identities of the participants in Dr. Karpathy's deposition for logistical security purposes on December 13. *See* Ex. 11 at 13 (E-mail from J. Holley dated December 13, 2023). The next day, Dr. Karpathy and Tesla unilaterally cancelled Dr. Karpathy's properly subpoenaed deposition, indicating that "Tesla intends to move to stay the case within the next few business days," that Dr. Karpathy "is no longer available on December 20" without explanation, and that "Dr. Karpathy will revisit dates if the case is not stayed as a result of Tesla's motion." *Id.* at 13 (E-mail from A. Bolt dated December 14, 2023).

Surprised by Tesla's unilateral attempt to cancel Dr. Karpathy's deposition, Autonomous Devices immediately responded explaining that no stay had been granted, that the process of seeking to obtain a stay took some time and was not guaranteed, and that a third party witness

AUTONOMOUS DEVICES' NOTICE AND
MOTION RE CONTEMPT

who has been properly served with a subpoena may not unilaterally decide not to show up for a deposition. *Id.* at 11-12 (E-mail from B. Jacobs dated December 14, 2023). Autonomous Devices explained that Dr. Karpathy's options under applicable law were to seek a protective order, file a motion to quash, show up prepared to testify, or face possible sanctions. *Id.* Autonomous Devices then explained that it would seek all available remedies against Dr. Karpathy and his counsel if Dr. Karpathy did not appear for the deposition. *Id.*

Over the next several days, Autonomous Devices attempted to compromise with Tesla such that Dr. Karpathy's deposition could be rescheduled during the first two weeks of January. *Id.* at 6-10 (E-mail from B. Jacobs dated December 17, 2023; E-mail from B. Jacobs dated December 18, 2023). Tesla finally responded on December 18 and contended that Dr. Karpathy could not sit for the deposition because Autonomous Devices did not have his document and e-mail production at that time. *Id.* at 6 (M. Colvin E-mail Dated December 18, 2023). Autonomous Devices then confirmed that same day that it would take the deposition *without* Dr. Karpathy's ESI. *Id.* at 5-6 (E-mail from B. Jacobs dated December 18, 2023). At the close of business on December 18, Tesla indicated that Dr. Karpathy would be available for deposition on January 26 and Tesla would produce his ESI on January 15. *Id.* at 4 (E-mail from M. Colvin dated December 18). The next day, Tesla moved to stay the Underlying Action. *See* Ex. 12.

On December 19, Autonomous Devices indicated that that it would proceed with Dr. Karpathy's deposition on December 20 unless Tesla could commit to a deposition date before January 10, 2024. *See* Ex. 11 at 2 (E-mail from B. Jacobs dated December 19). Autonomous Devices followed up on the morning of December 20 about the proposed compromise and explained that the last two weeks of January would not work for a deposition because of conflicts. *Id.* at 1 (E-mail from B. Jacobs dated December 20). Neither Dr. Karpathy nor Tesla responded.

**E.      Dr. Karpathy Fails to Appear for His Properly Noticed Deposition**

On December 20, Dr. Karpathy, Tesla, and their counsel failed to appear for the properly subpoenaed deposition of Dr. Karpathy. *See* Ex. 13. Counsel for Autonomous Devices appeared,

AUTONOMOUS DEVICES' NOTICE AND
MOTION RE CONTEMPT

1   provided a summary of the relevant events regarding Dr. Karpathy's failure to appear, and
2   entered several relevant exhibits into the record. *Id.* at 4:1-13:9.

3   **III.    LEGAL STANDARDS**

4          Parties may obtain discovery regarding any non-privileged matter that is relevant to any
5   party's claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).
6   Discovery, including deposition testimony and production of documents, may be obtained from a
7   non-party witness by serving a subpoena. *See generally* Fed. R. Civ. P. 45. "Proper subpoenas
8   issued by attorneys on behalf of the court are treated as orders of the Court." *McKeon v. Cent.*
9   *Valley Cmty. Sports Found.*, No. 1:18-CV-00358-BAM, 2019 WL 1208986, at *2 (E.D. Cal. Mar.
10  14, 2019) (collecting cases). A deposition subpoena may only be challenged by moving to quash
11  or modify the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), or by moving
12  for a protective order pursuant to Rule 26(c). *BNSF Ry. Co. v. Alere, Inc.*, No. 18-cv-291-BEN-
13  WVG, 2018 WL 2267144, at *7 (S.D. Cal. May 17, 2018).

14         Federal Rule of Civil Procedure 45(g) permits the court where compliance with a
15  subpoena is required to "hold in contempt a person who, having been served, fails without
16  adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). If a
17  subpoenaed recipient "fails or refuses to respond to the subpoena, the proponent may first try to
18  negotiate compliance, as by offering to meet and confer, but ultimately, if the recipient fails to
19  comply without adequate excuse, the recipient is in contempt of court, and the proponent must
20  file an application for an order to show cause why a contempt citation should not issue." *GREE,*
21  *Inc. v. Supercell Oy*, No. 21-mc-80069-TSH, 2021 WL 1222487, at *2 (N.D. Cal. Apr. 1, 2021).
22  "[W]hen a non-party does not comply with a subpoena and does not appear for deposition, the
23  most appropriate procedural step is to file an application for an order to show cause, not a motion
24  to compel." *Martinez v. City of Pittsburg*, No. C 11-1017 SBA (LB), 2012 WL 699462, at *4
25  (N.D. Cal. Mar. 1, 2012). This Court has previously issued a show cause order requiring a
26  subpoenaed party to show cause why it should not be held in civil contempt when the subpoenaed
27  party refused to appear for a deposition. *GREE, Inc.*, 2021 WL 1222487, at *3.

28

AUTONOMOUS DEVICES' NOTICE AND
                                    MOTION RE CONTEMPT

To establish civil contempt, the moving party must show by clear and convincing evidence that there has been a violation of a specific order of the court. *Martinez*, 2012 WL 699462, at *3. If the moving party makes that showing, the burden shifts to the responding party to show the she took *every reasonable step* to comply with the subpoena and to articulate reasons why compliance was *not possible. Id.* A court may properly exercise its discretion to compel a subpoenaed party to comply by issuing an order to show cause why the party should not be held in contempt and compelled to comply with the subpoena. *Id.* at *4. In addition, "[s]anctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-304 (1947)). "[W]here compensation is intended, a fine must be based upon evidence of a complainant's actual loss." *Cunningham v. Weston*, 180 Fed. App'x 644, 648 (9th Cir. 2006) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947)). "The Ninth Circuit has held that a court may sanction a contemnor by ordering that she pay a party's attorneys' fees and costs." *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. 08-cv-00519 MMM, 2009 WL 605789, at *4 (C.D. Cal. Mar. 9, 2009).

Federal Rule of Civil Procedure 37 provides an additional mechanism for compelling a non-party to appear at a deposition and obtaining sanctions for noncompliance. *See Sali v. Corona Reg'l Med. Center.*, 884 F.3d 1218, 1220-25 (9th Cir. 2018). That rule provides that "a party may move for an order compelling disclosure or discovery" and discourages parties and non-parties from failing to appear for properly noticed depositions. Fed. R. Civ. P. 37(a)(1). If a party or non-party subpoenaed for deposition fails to appear, Rule 37 provides that the subpoenaing party may move for an order compelling the deposition. *Id.* In addition, "[p]ursuant to Rule 37(d) of the Federal Rules of Civil Procedure, the district court 'may, on motion, order sanctions if . . . a party . . . fails after being served with proper notice, to appear for that person's deposition.'" *Ottovich v. City of Fremont*, No. C 09-4181 MMC, 2013 WL 5946076, at *8 (N.D. Cal. Nov. 5, 2013) (quoting Fed. R. Civ. P. 37(a)(1)). Moreover, "Rule 37(a)(5) authorizes an

AUTONOMOUS DEVICES' NOTICE AND
MOTION RE CONTEMPT

1  award of expenses, including attorney[s'] fees, for a motion to compel discovery." *Pennwalt*

2  *Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.4 (9th Cir. 1983). "It applies . . . to motions

3  to compel nonparties to attend depositions." *Sali*, 884 F.3d at 1225 (quoting *Pennwalt Corp.*, 708

4  F.2d at 494 n.4).

5        A party may move to compel discovery if the movant has in good faith conferred with the

6  person or party opposing discovery to obtain the requested discovery without the court's

7  intervention. *See* Fed. R. Civ. P. 37(a)(1). To succeed on a motion to compel, the moving party

8  "must demonstrate that the discovery it seeks is both relevant to the claims and defenses at issue

9  in its litigation and that the discovery is proportionate to the needs of the case." *HI.Q, Inc. v.*

10  *ZeetoGroup, LLC*, No. MC 22-CV-1440-LL-MDD, 2022 WL 17345784, at *14 (S.D. Cal. Nov.

11  29, 2022) (citing Fed. R. Civ. P. 26(b)).

12  **IV.    ARGUMENT**

13        **A.    Autonomous Devices Properly Served the Subpoena on Dr. Karpathy**

14        Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of

15  the court, may issue a subpoena on behalf of a court if the attorney is authorized to practice in the

16  issuing court. *See* Fed. R. Civ. P. 45(a)(3). Autonomous Devices properly obtained and served the

17  deposition subpoena on Dr. Karpathy. *See* Ex. 1; Ex. 3. The deposition subpoena for Dr. Karpathy

18  contained all required information (such as the time and place of the deposition), and service of

19  the subpoena was properly made on Dr. Karpathy. *See* Ex. 3. Dr. Karpathy and Tesla have never

20  objected to or argued that the subpoena was somehow invalid or improperly served.

21        **B.    Dr. Karpathy Failed to Comply with the Subpoena Without Adequate Excuse**

22        On December 20, the date both parties had agreed for Dr. Karpathy's deposition, Dr.

23  Karpathy, Tesla, and their counsel failed to appear for the properly subpoenaed deposition of Dr.

24  Karpathy. *See* Ex. 13. Counsel for Autonomous Devices appeared, provided a summary of the

25  relevant events regarding Dr. Karpathy's failure to appear, and entered several relevant exhibits

26  into the record. *Id.* at 4:1-13:9. This is clear and convincing evidence that Dr. Karpathy, Tesla,

27  and Tesla's counsel violated an order of the court.

28

AUTONOMOUS DEVICES' NOTICE AND
MOTION RE CONTEMPT

In addition, no valid excuse existed for not attending the deposition. When Dr. Karpathy
and Tesla attempted to cancel Dr. Karpathy's deposition on December 14, their counsel indicated
that "Tesla intends to move to stay the case within the next few business days," that Dr. Karpathy
"is no longer available on December 20" without explanation, and that "Dr. Karpathy will revisit
dates if the case is not stayed as a result of Tesla's motion." Ex. 11 at 13 (E-mail from A. Bolt
dated December 14, 2023). This is not an appropriate basis to fail to show at a properly scheduled
deposition pursuant to a lawfully served subpoena. Intending to file a motion to stay does not
excuse participation in a properly subpoenaed deposition, as the subpoenaed party must show that
she took *every reasonable step* to comply with the subpoena and to articulate reasons why
compliance was not *possible*. *Martinez*, 2012 WL 699462, at *3; *see also EEOC v. Chipotle
Mexican Grill, Inc.*, No. 17-cv-05382-BLF (SVK), 2019 WL 3842004, at *4-5 (N.D. Cal. 2019).
Dr. Karpathy provided no valid excuse for his failure to appear for deposition on December 20
and it appears to be tied to Tesla's strategic gambit to avoid providing any evidence in the
Underlying Action.

### C.      The Requested Testimony is Relevant to Autonomous Devices' Case

The testimony sought by Autonomous Devices from Dr. Karpathy is highly relevant to the
Underlying Action. "Parties may obtain discovery regarding any non-privileged matter that is
relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P.
26(b)(1). Tesla has identified Dr. Karpathy as the most knowledgeable individual about the
products in the Underlying Action. *See* Ex. 2. Tesla and Dr. Karpathy have never argued that Dr.
Karpathy's testimony is somehow irrelevant or disproportionate.

### D.      This Court Has Broad Discretion to Enforce Subpoenas and Should Issue a Show Cause Order and Order to Compel Dr. Karpathy to Testify

The Federal Rules of Civil Procedure give district courts broad discretion to manage the
manner in which discovery proceeds. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).
Because Dr. Karpathy, aided and abetted by Tesla and their counsel, has failed to respond to a
lawful subpoena and has likewise failed to seek a protective order, this court may properly

AUTONOMOUS DEVICES' NOTICE AND
MOTION RE CONTEMPT

exercise its discretion under Federal Rule of Civil Procedure 45 to compel Dr. Karpathy to comply by issuing an order to show cause why Dr. Karpathy, Tesla, and Tesla's and Dr. Karpathy's counsel should not be held in contempt and compelled to comply with the subpoena. *See Martinez*, 2012 WL 699462, at \*4. In addition, the Court should also issue an order compelling Dr. Karpathy to attend a deposition between January 3, 2024 and January 16, 2024, using its power under Federal Rule of Civil Procedure 37.

"The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "[W]hen a non-party does not comply with a subpoena and does not appear for deposition, the most appropriate procedural step is to file an application for an order to show cause." *Martinez*, 2012 WL 699462, at \*4. Here, the subpoena to Dr. Karpathy sought compliance, including a deposition, in this district. *See* Ex. 1. Yet as discussed above, Dr. Karpathy failed to appear for his deposition. Subpoenas are issued by attorneys on behalf of the Court and should be treated as orders of the Court. *Id.* at \*2. Therefore, Autonomous Devices asks this Court to issue an order to show cause why Dr. Karpathy, Tesla, and their counsel should not be held in contempt in order to compel Dr. Karpathy to comply with the subpoena.

In addition, the Court should ultimately hold Tesla, Dr. Karpathy, and their counsel in contempt of court for Dr. Karpathy's failure to appear. To establish civil contempt, the moving party must show by clear and convincing evidence that there has been a violation of a specific order of the court. *Martinez*, 2012 WL 699462, at \*3. That burden is clearly met here. If the moving party makes that showing, the burden shifts to the responding party to show the she took *every reasonable step to comply with the subpoena* and to articulate reasons why compliance was not possible. *Id*. As discussed above, Dr. Karpathy and Tesla have failed to provide any information demonstrating that Dr. Karpathy took *any steps at all* to comply with the subpoena and have not articulated any reasons why compliance was not *possible*. *Id.* As a result, Dr. Karpathy, Tesla, and their counsel should be held in contempt.

This Court should also exercise its power under Federal Rule of Civil Procedure 37 and issue an order to compel Dr. Karpathy to appear at a deposition between January 3, 2024 and January 16, 2024. *See Sali*, 884 F.3d at 1225. If a party or non-party subpoenaed for deposition fails to appear, Rule 37 provides that the subpoenaing party may move for an order compelling the deposition. Fed. R. Civ. P. 37(a)(1). The parties have in good faith conferred on this issue, and Dr. Karpathy has failed to appear for his deposition after months of discussion. The discovery sought by Autonomous Devices from Dr. Karpathy is both relevant and proportionate to the needs of the case. Critically, discovery in the Underlying Action closes in early February, and Dr. Karpathy's testimony is essential to Autonomous Devices' case, as he is the witness most knowledgeable about the technology in the products accused of infringement. As a result, the Court should issue an order compelling the requested deposition between January 3, 2024 and January 16, 2024.

**E.      This Court Should Also Sanction Dr. Karpathy, Tesla, and Their Counsel**

Given the broad discretion district courts have to manage discovery, *see Hallett*, 296 F.3d at 751, Autonomous Devices also respectfully requests that this Court sanction Dr. Karpathy, Tesla, and their counsel for Dr. Karpathy's failure to appear at his deposition under Federal Rules of Civil Procedure 37 and 45. Autonomous Devices requests sanctions in an appropriate amount to include all attorneys' fees and costs reasonably incurred in preparing and presenting this Motion, attempting to take Dr. Karpathy's deposition previously, and, should the Court grant this Motion, taking Dr. Karpathy's deposition.

Rule 45(g) permits a court to "hold in contempt a person who" fails to obey a subpoena, and "[s]anctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." Fed. R. Civ. P. 45(g); *General Signal Corp.*, 787 F.2d at 1380. "[A] court may sanction a contemnor by ordering that she pay a party's attorneys' fees and costs." *Bademyan*, 2009 WL 605789, at *4. Here, the Court should hold Dr. Karpathy, Tesla, and their counsel in

1  contempt and sanction them by ordering them to pay Autonomous Devices' costs and fees related

2  to Dr. Karpathy's failure to comply with his deposition subpoena.

3          Rule 37 also provides this Court with adequate authority to sanction Dr. Karpathy, Tesla,

4  and their counsel for their outright refusal to participate in a deposition. "Pursuant to Rule 37(d)

5  of the Federal Rules of Civil Procedure, the district court 'may, on motion, order sanctions if . . . a

6  party . . . fails after being served with proper notice, to appear for that person's deposition.'"

7  *Ottovich*, 2013 WL 5946076, at \*8 (quoting Fed. R. Civ. P. 37(a)(1)). And, Rule 37(a)(5), which

8  applies to motions to compel nonparties to attend depositions, *see Sali*, 884 F.3d at 1225,

9  authorizes an award of expenses, including attorneys' fees, for a motion to compel discovery.

10  *Pennwalt Corp.*, 708 F.2d at 494 n.4. The Court should award sanctions against Dr. Karpathy,

11  Tesla, and their counsel in an appropriate amount including expenses and attorneys' fees under

12  Rule 37.

13          **F.      Conclusion**

14          For the foregoing reasons, Autonomous Devices respectfully requests that this Court grant

15  Autonomous Devices' Motion and order the requested relief.

16      Dated: December 22, 2023

17                                          By:    */s/ Alan P. Block*
                                                   BLAIR M. JACOBS
18                                                 (admitted *pro hac vice*)
                                                   bjacobs@mckoolsmith.com
19                                                 CHRISTINA A. ONDRICK
                                                   (admitted *pro hac vice*)
20                                                 condrick@mckoolsmith.com
                                                   JOHN S. HOLLEY
21                                                 (admitted *pro hac vice*)
                                                   jholley@mckoolsmith.com
22                                                 McKool Smith, P.C.
                                                   1999 K Street NW, Suite 600
23                                                 Washington, DC 20006
                                                   T: 202.370.8300
24                                                 F: 202.370.8344

25                                                 ALAN P. BLOCK (SBN 143783)
                                                   ablock@mckoolsmithhennigan.com
26                                                 300 South Grand Avenue, Suite 2900
                                                   Los Angeles, California 90071
27                                                 T: 213.694.1200
                                                   F: 213.694.1234
28

AUTONOMOUS DEVICES' NOTICE AND
                                          MOTION RE CONTEMPT

Attorneys for Plaintiff
AUTONOMOUS DEVICES, LLC

AUTONOMOUS DEVICES' NOTICE AND
MOTION RE CONTEMPT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28